116 F.3d 483
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
In re: 4M 2B INVESTORS, an Alaska general partnership;
Daphne McLane; Susan McLane; Linda McLane; Scott M.
McLane; Michael McLane; Stan A. McLane; Stanley S.
McLane; Maria V. McLane, Debtors.
Herman STENGA; Janet L. Stenga, Appellants,
v.
4M 2B INVESTORS, an Alaska general partnership, Appellee.
 No. 96-35832.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 17, 1997.**
Decided June 20, 1997.
 
 Appeal from the United States District Court for the District of Alaska, Nos. CV-95-00431-HRH, A94-00623-001-HAR; H. Russel Holland, Chief Judge, Presiding.
 Before: GOODWIN, SCHROEDER, and TASHIMA, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Herman Stenga and Janet L. Stenga, the prevailing parties in a Chapter 11 adversary proceeding against their lessee, debtor 4M 2B Investors, appeal the district court's order affirming the bankruptcy court's denial of their request for attorney's fees. We have jurisdiction pursuant to 28 U.S.C. § 158(d). We review de novo, see In re Fobian, 951 F.2d 1149, 1151 (9th Cir.1991), and we affirm.
 
 
 3
 The Stengas contend that the bankruptcy court should look to state law to determine the nature of property rights, and that under state law, they are entitled to attorney's fees as provided under terms of the lease. We disagree.
 
 
 4
 The prevailing party in a bankruptcy proceeding may be entitled to attorney's fees in accordance with applicable state law, if state law governs the substantive issues raised in the proceeding. See In re Baroff, 105 F.3d 439, 441 (9th Cir.1997) (holding that under California law, debtor was entitled to attorney's fees because bankruptcy court indisputably applied California contract law in granting summary judgment). "However, where the litigated issues involve not basic contract enforcement questions, but issues peculiar to federal bankruptcy law, attorney's fees will not be awarded absent bad faith or harassment by the losing party." In re Fobian, 951 F.2d at 1153; see also In re Johnson, 756 F.2d 738, 741 (9th Cir.1985) (holding that bankruptcy court should not have awarded attorney's fees pursuant to California statute, because federal law governed substantive issues involved in creditors' motion).
 
 
 5
 In the adversary proceeding, the primary issue raised in the parties' cross-motions for summary judgment was whether the lease was an unexpired lease (or an executory contract) that must be assumed or rejected under 11 U.S.C. § 365.[1] While the Stengas do not dispute the bankruptcy court's statement of the issue, they argue that state contract law governs attorney's fees in this case. We disagree.
 
 
 6
 Not every interest that qualifies as a lease under state law is subject to the automatic rejection provision of section 365. See In re Moreggia & Sons, Inc., 852 F.2d 1179, 1182 (9th Cir.1988). In determining the applicability of section 365, the bankruptcy court held that federal case law controlled. Therefore, under In re Moreggia, the issue is peculiar to federal bankruptcy law, and the Stengas are not entitled to attorney's fees expended in litigating it. See In re Fobian, 951 F.2d at 1150.
 
 
 7
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, appellants' request for oral argument is denied
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 A secondary issue, not addressed herein, was whether the Consumer Price Index was an appropriate rent escalator. The bankruptcy court ruled in favor of the Stengas on both issues